Hillsborough,<br>May 7, 1940. } No. 3153.

HARRY MARTIN, *by his father and next friend,*

*v.*

BOSTON & MAINE RAILROAD.

JOSEPH J. MARTIN *v.* SAME.

*Ivory C. Eaton* (by brief and orally), for the plaintiff.

*McLane, Davis & Carleton* (*Mr. Carleton* orally), for the defendant.

BRANCH, J.    The only proposition seriously argued by the defendant in support of its exceptions to the denial of its motions for nonsuits and directed verdicts is that "plaintiff was contributorily negligent as a matter of law."

It has often been held by the courts of other jurisdictions that the fact that crossing gates are open or that other signalling devices maintained at crossings by a railroad do not give warning, constitutes an assurance that it is safe to cross the tracks upon which a traveler may place some reliance and is a circumstance to be taken into consideration by the jury on the issue of contributory negligence.    The authorities are collected and discussed in *Crowley* v. *Railroad*, 204 Iowa 1235, and note to that case in 53 A. L. R. 973.    In the recent case of *Cyr* v. *Railroad*, 88 N. H. 278, it was assumed without discussion that such was the effect of open crossing gates.    This being the law, it is plain that in a case where there is a failure of warning signals, a traveler can be held to be negligent as a matter of law only under very exceptional circumstances.    More often such failure will be found to be "a decisive consideration in favor of the submission of such an issue to the jury," as stated in *State* v. *Railroad*, 157 Md. 256 and cases cited.

In the present case the testimony of the plaintiff fully justified the inference that his conduct was influenced by the assurance of safety which he received from the open gates.    The plaintiff's youth, and the close proximity of another locomotive to which he was giving attention were also factors to be considered in passing upon the issue of his due care.    Under these circumstances it cannot be said as a matter of law that the evidence conclusively established his contributory negligence and there must accordingly be

*Judgments on the verdicts.*

All concurred.